**FILED**
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D N.Y

★   MAY 18 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
NICOLA LIANTONIO, JR. on behalf of himself and
all other similarly situated consumers

        Plaintiff,

  -against-

ALLIED INTERSTATE, LLC.

       Defendant.

-------------------------------------------------------

**SUMMONS ISSUED**

# CV-12 2526

**SPATT, J.**
**LINDSAY, M.**

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff Nicola Liantonio, Jr. seeks redress for the illegal practices of Allied Interstate, LLC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.    Upon information and belief, defendant's principal place of business is located in Columbus, Ohio.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.   This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Nicola Liantonio, Jr.

9.   Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about April 10, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  Said letter states in pertinent part as follows: "Our client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions."

12.  Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

13.  Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

14.  Advising plaintiff that Allied Interstate's client, Lowe's Visa Platinum, "is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more" is deceptive and misleading in violation of the FDCPA.

-2-

15. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

16. Here, there is no basis to conclude that a triggering event has or will occur requiring Lowe's Visa Platinum to file a Form 1099-C.

17. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

18. Said letter violated 15 U.S.C. § 1692e, and e(10), by falsely representing that " is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more."

19. Such a statement is objectively false.

20. Any forgiveness may not be reported to the IRS.

21. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

22. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

23. Said letter language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

-3-

24.     Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

25.     Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

26.     The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the defendant claims is owed.

27.     Said letter violated 15 U.S.C. § 1692e, § 1692e(l0) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it " is required to file Form 1099-C with the IRS for any indebtedness of $600.00 or more which is forgiven" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

28.     Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the defendant knows, or should have known to be false. Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § l692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the

-4-

defendant says is owed, and what the plaintiff pays, is taxable. The defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

29.     The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

30.     The Defendant's letter gives consumers objectively false and deceptive tax advice.

31.     The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

32.     The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

33.     The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in their collection letters.

34.     It is false and deceptive for the Defendant to give erroneous and/or incomplete tax advice to consumers regarding 1099C tax forms.

35.     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co., 5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009);

-5-

Many classes have been certified see Sledge v. Sands , 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

**AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of him and the members of a class, as against the defendant.*

36.     Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-35 as if set forth fully in this cause of action.

37.     This cause of action is brought on behalf of plaintiff and the members of a class.

38.     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Allied Interstate, LLC. asserting a debt owed to "Lowe's Visa Platinum," (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about April 10, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Defendant violated 15 U.S.C. § 1692d, § 1692e, § 1692e(l0), § 1692e(5), § 1692e(8) and § 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

-6-

39.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
        preferable in this case because:

(A) Based on the fact that the form collection letters which are at the heart of this litigation
        are mass-mailed, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions
        predominate over any questions affecting only individual class members. The principal
        question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the
        collection letters, (*i.e.* the class members), a matter capable of ministerial determination
        from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on
        the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The
        plaintiff has retained counsel experienced in bringing class actions and
        collection-abuse claims. The plaintiff's interests are consistent with those of the
        members of the class.

40.     A class action is superior for the fair and efficient adjudication of the class members'
        claims. Congress specifically envisions class actions as a principal means of enforcing
        the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
        individuals, whose rights will not be vindicated in the absence of a class action.
        Prosecution of separate actions by individual members of the classes would create the
        risk of inconsistent or varying adjudications resulting in the establishment of

-7-

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42. Collection attempts, such as those made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

      (a)    Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

      (b)    Attorney fees, litigation expenses and costs incurred in bringing this action; and

      (c)    Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 15, 2012

-8-

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-9-

4107

**Allied Interstate.**

**Date: May 08, 2012**

Nicola Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

3000 Corporate Exchange Dr 5th Floor  Columbus, OH 43231
Toll Free: (866) 801-0004
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Account No: P55780995
Current Creditor: LVNV Funding LLC
Original Creditor: Lowe's Visa Platinum
Current Creditor Account #:
Amount Due:          $5211.79

Dear Nicola Liantonio:

LVNV Funding LLC has given us authority to settle your account for less than the total amount due. We have been authorized to accept one single payment in the amount of 1563.54 as settlement on the Amount Due listed above.

To take advantage of the settlement offer outlined above we must receive your payment at the post office box referenced below no later than the close of business on 05-28-2012. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety. This is a limited opportunity and is contingent upon the clearance of your good funds.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

Sincerely,

Nicole Cummins
(866) 801-0004
Allied Interstate LLC

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Our client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions.

**NOTICE: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

4107

Allied Interstate Account No.: P55780995
Current Creditor: LVNV Funding LLC
Current Creditor Account No.:
4026211018547153
Amount Due:          $5211.79

Payment Enclosed: $_____

CCD/P55780995/4107          002553743481          0005950/0021

Nicola Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

P55780995

Allied Interstate LLC
P.O. Box 361774
Columbus, OH 43236