

120 West 45th Street, New York, New York 10036
Telephone (212) 688 - 3025    Facsimile (212) 688 - 3040

Christopher B. Hitchcock
Telephone Ext.: 109
Email: chitchcock@hitchcockcummings.com

September 20, 2012

**VIA ECF**

Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722

    Re: *Liantonio v. Allied Interstate, LLC*
       Case No.: 12-CV-2526    

Dear Judge Spatt:

  We represent the defendant, Allied Interstate LLC ("Allied"), in the above-referenced case. Pursuant to Your Honor's motion practice rules, please allow this letter to serve as our request for a pre-motion conference on behalf of Allied. Allied seeks permission to file a motion for summary judgment pursuant Rule 56. Enclosed is a copy of Allied's Rule 56.1 statement. Despite serving it upon plaintiff, we have not received plaintiff's counter-statement.

  Plaintiff claims that two sentences in a letter, dated April 10, 2012 ("Letter"),[1] he received from Allied violated 15 U.S.C. §§ 1692d, e(5), e(8) and e(10), and f of the Fair Debt Collection Practices Act ("FDCPA"). The Letter relates to $5,211.79 that was owed by plaintiff (the "Account") to LVNV Funding, LLC ("LVNV") which had purchased the debt. LVNV retained Allied to collect on the Account. The sentences at issue in this litigation are: "Our Client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions." *See* Complaint, at ¶ 11.

---

[1] Despite claiming that the letter is dated April 10, 2012, the letter attached to the complaint is dated May 8, 2012.

Honorable Arthur D. Spatt
September 20, 2012
Page 2

Plaintiff alleges that this language is deceptive and misleading in violation of the FDCPA because § 6050P of the Internal Revenue Code requires an "applicable entity" to report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event. *See* Complaint, at ¶ 15-16. Plaintiff claims there is no basis to conclude that a triggering event has occurred that would require the filing of form 1099C. *See Id.,* at ¶ 16. Moreover, plaintiff alleges that the Letter is false and deceptive because it fails to disclose that there is a difference based on whether principal or interest is forgiven when filing form 1099C with the Internal Revenue Service. *See Id.* at ¶ 28.

Section 1692e(5) prohibits threats to take any action that cannot legally be taken or that is not intended to be taken. Section 1692e(8) prohibits communicating or threatening to communicate to any person credit information that is known or which should be known to be false, and § 1692e(10) prohibits the use of any false representation or deceptive means to collect a debt. Moreover, § 1692d provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, and § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

In support of its motion, Allied will establish that LVNV is an "applicable entity," and that an "identifiable event" occurred that would have required LVNV to file form 1099C with the Internal Revenue Service with respect to the debt forgiveness on the Account.[2] Debra Ciapi, of Resurgent Capital Services ("RCS"), which managed the Account on behalf of LVNV, states in her affidavit that prior to sending the Letter, RCS on behalf of LVNV had authorized Allied to attempt to settle the total amount owed on plaintiff's Account for one single payment of $1,563.54. Thus, because the entire balance on the Account was $5,211.79, LVNV agreed that in exchange for a single payment by plaintiff of $1,563.54 to forgive the amount of $3,648.25. Ms. Ciapi also states that of the $5,211.79 that was owed on the Account, $3,757.88 of it consisted of principal. (A copy of the affidavit is enclosed.) Accordingly, LVNV agreed to forgive a principal amount on the Account in excess of $600.00.

Based on the foregoing, plaintiff's contention that the Letter is false, deceptive and threatens action that cannot legally be taken is factually incorrect. Because LVNV agreed to forgive a principal amount in excess of $600.00, LVNV would be required to file form 1099C with the Internal Revenue Service. Moreover, the Letter contains no language that in any way could be construed as harassing or abusive in violation of § 1692(d), or unfair or unconscionable in violation of § 1692(e).

---

[2] Included in the statute's definition of "applicable entity" is an "applicable financial entity," more specifically defined as "any organization a significant trade or business of which is the lending of money." 26 U.S.C. § 6050P(c)(1)(B), (c)(2)(D). Treas. Reg. 1§ 6050P-2 clarifies that a financial entity is "an organization a significant trade or business of which is the lending of money" under 26 U.S.C. § 6050P(c)(2)(D). Pursuant to Treas. Reg. 1§ 6050P-2(e), "lending money includes acquiring an indebtedness not only from the debtor at origination but also from a prior holder of the indebtedness." *See also Debt Buyers' Ass'n v. Snow*, 481 F. Supp. 2d 1 (D.D.C. 2006).

Honorable Arthur D. Spatt
September 20, 2012
Page 3

For these reasons, Allied respectfully requests permission to move for summary judgment.

Respectfully Submitted,

*S/ Christopher B. Hitchcock /*

Christopher B. Hitchcock

cc:    Adam Jon Fishbein, Esq. (Via ECF)
       *Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
NICOLA LIANTONIO, JR., on behalf of himself and all       **Case No.: 12-CV-2526 (ADS)**
others similarly situated,

Plaintiff,

     -against-

ALLIED INTERSTATE, LLC.,

Defendant.
-------------------------------------------------------------------------X

**MOVING PARTY ALLIED INTERSTATE LLC'S STATEMENT
OF MATERIAL FACTS PURSUANT TO LOCAL RULE 56.1**

Defendant, Allied Interstate, LLC ("Allied"), submits this statement of material facts pursuant to Local Rule 56.1 of the United States District Court for the Eastern District of New York, in support of its motion for summary judgment dismissing the complaint of Nicola Liantonio, Jr. ("plaintiff"). Allied contends there are no genuine issues to be tried with respect to the following material facts:

1.      Prior to May 8, 2012, plaintiff had an account with Lowe's Visa Platinum (the "Account"). *See* Exhibit A to the Hitchcock Aff.

2.      Prior to May 8, 2012, plaintiff's Account was transferred to LVNV Funding, LLC ("LVNV"). *See Id.*

3.      Prior to May 8, 2012, Resurgent Capital Services LLP ("RCS") was retained by LVNV in order to manage and service plaintiff's Account. *See* Exhibit C to the Hitchcock Aff., at ¶ 1.

1

4.      On or about January 12, 2012, RCS, on behalf of LVNV, retained Allied to attempt to collect monies that were owed to LVNV by plaintiff with respect to the Account. *See Id.*, at ¶ 2.

5.      On or about May 8, 2012, Allied sent a letter to plaintiff (the "May 8th Letter"), with respect to the Account. *See Id.* at ¶ 3.

6.      At the time the May 8th Letter was sent, plaintiff owed a total amount of $5,211.79 on the Account. *See Id.*

7.      Prior to Allied's May 8th Letter, RCS on behalf of LVNV, had authorized Allied to attempt to settle the total amount owed on the Account for one single payment of $1,563.54. *See Id.* at ¶ 4.

8.      LVNV agreed that in exchange for plaintiff's one single payment of $1,563.54, it would forgive the amount of $3,648.25, which would have remained due and owing on the Account. *See Id.*

9.      Of the $5,211.79 that was owed on the Account, $3,757.88 of it consisted of principal. *See Id.* at ¶ 5.

10.     As a result, of the $3,648.25 that LVNV agreed to forgive, more than $600.00 of that amount consisted of principal.

11.     Plaintiffs' allegations are based solely on the May 8th Letter from Allied.  *See*

Exhibit A to the Hitchcock Aff.

Dated:  New York, New York
        September 20, 2012


                                    HITCHCOCK & CUMMINGS, LLP

                                    By:   /s/ Christopher B. Hitchcock
                                          Christopher B. Hitchcock
                                          120 West 45th Street, Suite 405
                                          New York, New York 10036
                                          (212) 688-3025

                                    *Attorneys for defendant Allied Interstate LLC*

# PROPOSED

# EXHIBIT A

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 18 2012   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
NICOLA LIANTONIO, JR. on behalf of himself and
all other similarly situated consumers

                Plaintiff,

       -against-

ALLIED INTERSTATE, LLC.

                Defendant.

-------------------------------------------------------

**CV-12 2526**

SPATT, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.   Plaintiff Nicola Liantonio, Jr. seeks redress for the illegal practices of Allied Interstate, LLC. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.   Plaintiff is a citizen of the State of New York who resides within this District.

3.   Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4.   Upon information and belief, defendant's principal place of business is located in Columbus, Ohio.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6.  Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

7.  This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Nicola Liantonio, Jr.

9.  Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.  On or about April 10, 2012, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.  Said letter states in pertinent part as follows: "Our client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions."

12.  Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

13.  Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

14.  Advising plaintiff that Allied Interstate's client, Lowe's Visa Platinum, "is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more" is deceptive and misleading in violation of the FDCPA.

15. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

16. Here, there is no basis to conclude that a triggering event has or will occur requiring Lowe's Visa Platinum to file a Form 1099-C.

17. The gratuitous reference in a collection letter that a collector's client may contact the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

18. Said letter violated 15 U.S.C. § 1692e, and e(10), by falsely representing that " is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more."

19. Such a statement is objectively false.

20. Any forgiveness may not be reported to the IRS.

21. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

22. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C Form may be reported to the IRS.

23. Said letter language is false and deceptive in that it does not explain that the Defendant is prohibited from reporting any "forgiveness" unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

-3-

24.    Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

25.    Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven debt that is comprised as interest as opposed to principal.

26.    The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the defendant claims is owed.

27.    Said letter violated 15 U.S.C. § 1692e, § 1692e(l0) and § 1692e(5) by threatening to engage in an act which is legally prohibited. Defendant's statement that it " is required to file Form 1099-C with the IRS for any indebtedness of $600.00 or more which is forgiven" as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

28.    Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the defendant knows, or should have known to be false.  Defendant is not permitted to a file 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to file such 1099C tax forms without regard for said. "Identifiable events" is a violation of § 1692e(8). The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the

-4-

defendant says is owed, and what the plaintiff pays, is taxable. The defendant's letter

fails to disclose to consumers that there is a distinction between principal and interest.

29.     The Defendant's actions as described herein are also unfair and unconscionable in

violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15

U.S.C. § 1692d.

30.     The Defendant's letter gives consumers objectively false and deceptive tax advice.

31.     The Defendant's letter could mislead the least sophisticated consumer that unless the

consumer pays the entire amount that the Defendant alleges is owed on the alleged debt,

the consumer is going to be reported to the IRS.

32.     The Defendant's letter could mislead the least sophisticated consumer into believing that

unless the consumer pays the entire amount Defendant alleges is owed for the debt, the

consumer is going to have to pay taxes on the entire unpaid balance.

33.     The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter.

No tax law or regulation obligates the Defendant to include the notice regarding tax

form 1099C in their collection letters.

34.     It is false and deceptive for the Defendant to give erroneous and/or incomplete tax

advice to consumers regarding 1099C tax forms.

35.     Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in

connection with the collection of a debt is an FDCPA violation. Kuehn v. Cadle Co.,

5:04-cv-432-Oc-10GRJ, 2007 U.S. Dist. LEXIS 25764 (M.D.Fla., April 6, 2007). This

includes a statement that a 1099 must be issued when a 1099 is not required. Wagner v.

Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009);

-5-

Many classes have been certified  see Sledge v. Sands , 1998 WL 525433(class certified) and see Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000) granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.

**AS AND FOR A FIRST CAUSE OF ACTION**

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of him and the members of a class, as against the defendant.*

36.   Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-35 as if set forth fully in this cause of action.

37.   This cause of action is brought on behalf of plaintiff and the members of a class.

38.   The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Allied Interstate, LLC. asserting a debt owed to "Lowe's Visa Platinum," (a) bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about April 10, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the Defendant violated 15 U.S.C. § 1692d, § 1692e, § 1692e(10), § 1692e(5), § 1692e(8) and § 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

-6-

39.   Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
preferable in this case because:

(A) Based on the fact that the form collection letters which are at the heart of this litigation
are mass-mailed, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions
predominate over any questions affecting only individual class members. The principal
question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the
collection letters, (*i.e.* the class members), a matter capable of ministerial determination
from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on
the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The
plaintiff has retained counsel experienced in bringing class actions and
collection-abuse claims. The plaintiff's interests are consistent with those of the
members of the class.

40.   A class action is superior for the fair and efficient adjudication of the class members'
claims. Congress specifically envisions class actions as a principal means of enforcing
the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
individuals, whose rights will not be vindicated in the absence of a class action.
Prosecution of separate actions by individual members of the classes would create the
risk of inconsistent or varying adjudications resulting in the establishment of

-7-

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

41.   If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

42.   Collection attempts, such as those made by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

43.   The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

44.   Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in her favor and against the defendant and award damages as follows:

(a)   Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b)   Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)   Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 15, 2012

-8-

_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

-9-

4107

Date: May 08, 2012

**AlliedInterstate.**

Nicola Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

3000 Corporate Exchange Dr 5th Floor  Columbus, OH 43231
Toll Free: (866) 801-0004
Mon-Fri 8AM-9PM Sat 8AM-12PM

Allied Interstate Account No: P55780995
Current Creditor: LVNV Funding LLC
Original Creditor: Lowe's Visa Platinum
Current Creditor Account #: ~~4026211018547153~~
Amount Due:          $5211.79

Dear Nicola Liantonio:

LVNV Funding LLC has given us authority to settle your account for less than the total amount due. We have been authorized to accept one single payment in the amount of 1563.54 as settlement on the Amount Due listed above.

To take advantage of the settlement offer outlined above we must receive your payment at the post office box referenced below no later than the close of business on 05-28-2012. After that time, we reserve the right to modify the settlement offer, or revoke the offer in its entirety. This is a limited opportunity and is contingent upon the clearance of your good funds.

Please contact our office at the telephone number listed below should you wish to initiate a payment via the telephone. Please have this letter available when you call.

Sincerely,

Nicole Cummins
(866) 801-0004
Allied Interstate LLC

We are a debt collector attempting to collect a debt and any information obtained will be used for that purpose. If your financial institution rejects or returns your payment for any reason, a service fee, the maximum permitted by applicable law, may be added to your Amount Due.

We process checks electronically, and your checking account will be debited on the day we receive your payment. Your check will not be returned.

Our client is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more. Please consult your tax advisor concerning any tax questions.

**NOTICE: SEE REVERSE SIDE FOR OTHER IMPORTANT INFORMATION**

Undeliverable Mail Only:
P.O. Box 1954
Southgate, MI 48195-0954

(Detach and return with payment)

4107

Allied Interstate Account No.: P55780995
Current Creditor: LVNV Funding LLC
Current Creditor Account No.:
4026211018547153
Amount Due:          $5211.79

Payment Enclosed: $

CCD/P55780995/4107      00255374361      0005950/0021

Nicola Liantonio
3 Marseille Dr
Locust Valley, NY 11560-1111

P55780995

Allied Interstate LLC
P.O. Box 361774
Columbus, OH 43236

# PROPOSED

# EXHIBIT B

# "ANSWER"

# PROPOSED

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

NICOLA LIANTONIO, JR., on behalf of himself and all
others similarly situated,

                                  Plaintiff,

        -against-

ALLIED INTERSTATE LLC.,

                                 Defendant.
-------------------------------------------------------------------X

Case No.: 12-CV-2526 (ADS)

**<u>AFFIDAVIT</u>**

STATE OF *South Carolina* )
                          ) ss:
COUNTY OF *Greenville* )

Debra Ciapi being duly sworn, deposes and says:

      1.     I am Debra Ciapi of Resurgent Capital Services LP ("RCS"). I have held this position since August 1, 2005. RCS is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. On or about June 26, 2009, RCS was retained by LVNV Funding, LLC ("LVNV") to manage and service the account held by Nicola Liantonio, Jr. ("plaintiff"), with account number 4026211018547153 (the "Account"). LVNV has been the creditor of the Account since June 26, 2009.

      2.     On or about January 12, 2012, RCS, on behalf of LVNV, retained Allied Interstate LLC ("Allied") to attempt to collect monies that were owed to LVNV by plaintiff with respect to the Account.

      3.     As a result, on May 8, 2012, Allied sent a letter to plaintiff (the "May 8th Letter"), with respect to the Account. At the time the May 8th Letter was sent, plaintiff owed a total amount of $5,211.79 on the Account.

4.      Prior to Allied's May 8th Letter, RCS on behalf of LVNV, had authorized Allied to attempt to settle the total amount owed on the Account for one single payment of $1,563.54. Thus, LVNV agreed that in exchange for plaintiff's one single payment of $1,563.54, it would forgive the amount of $3,648.25, which would have remained due and owing on the Account.

5.      Notably, of the $5,211.79 that was owed on the Account, $3,757.88 of it consisted of principal.  As a result, of the $3,648.25 that LVNV agreed to forgive, more than $600.00 of it consisted of principal.

6.      Because the amount of principal that LVNV was agreeing to forgive on the Account was in excess of $600.00, LVNV was required to file form 1099C with the Internal Revenue Service.

7.      Accordingly, Allied's statement to plaintiff in its May 8th Letter advising that "our client [LVNV] is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more" was not false, deceptive or misleading in any way.

_Debra Ciapi_

Sworn to before me this
_14_ day of August, 2012
_Julie E. Bullock_
NOTARY PUBLIC

My Commission Expires June 8, 2014

2