**ADAM J. FISHBEIN, P.C.**
ATTORNEY AT LAW

483 Chestnut Street
Cedarhurst, New York 11516

Telephone (516) 791-4400
Telecopier (516) 791-4411

October 12, 2012

**VIA ECF**
The Honorable Arthur D. Spatt
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

**RE:   Liantonio v. Allied**
      **12 CV 2526 (ADS) (ARL)**

Dear Judge Spatt:

I represent the plaintiff in the above referenced matter. The Court has scheduled a pre-motion conference for October 23, 2012 at 9:00 a.m. The Court has also granted plaintiff's application to file his response to plaintiff's application to October 12, 2012. As stated previously, we believe that a motion for summary judgment is premature at this time.

As a way of introduction respectfully *see* Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act) Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate) Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.) Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: ''it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor) Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be ''reasonably read to have two or more different meanings, one of which is inaccurate,'' is considered deceptive.) Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.' '' Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it

can be reasonably read to have two or more different meanings, one of which is inaccurate.)

Defendant's position is flawed as is set forth herein.

Internal Revenue Code 26 U.S.C. § 6050P is further defined and clarified by the Treasury Regulation 1.6050P-1.

According to Treasury Regulation 1.6050P-1(a)(1), "a discharge of indebtedness is deemed to have occurred . . . if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section."

Advising plaintiff that defendant's client, "is required to file a form 1099C with the Internal Revenue Service for any debt forgiveness of $600 or more" is deceptive and misleading in violation of the FDCPA. The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to, pay the debt in full or seeking to negotiate a settlement with a cancellation of the indebtedness in excess of $600.00.

26 C.F.R. § 6050P-1(a)(1). Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). the most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which read:
   (2) Interest. The discharge of an amount of indebtedness that is interest is not required to be reported under this section.
   (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal is not required to be reported under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

**It is entirely possible for the creditor to forgive $600 or more of the debt and yet not be required to file a 1099c.**

The letter violated 15 U.S.C. § 1692e, by falsely representing that "it is <u>required</u> to file Form 1099-C with the IRS for any indebtedness of $600.00 or more which is forgiven". Such a statement is objectively false. Any forgiveness may not be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under <u>certain limited circumstances</u> that a 1099C Form may be reported to the IRS.

A case precisely on point is <u>Wagner v. Client Servs.,</u> 2009 U.S. Dist. LEXIS 26604, 2009 WL 839073 (E.D. Pa. Mar. 26, 2009). Defendant, Client Services, Inc., sent a letter to Plaintiff regarding a debt allegedly due to Citibank that stated: "If the amount written-off is equal or greater than $600.00, our client is required by the Internal Revenue code, section 6050P, to report this amount and issue a form 1099-C." Defendant's motion to dismiss denied because: **"By failing to attribute the nature of the debt that may be discharged to principal and non-principal amounts, Defendant has not shown that its letter is literally true." Id.**

By way of illustration, if even $1 of the $2462.67 that your letter was seeking to collect from plaintiff was interest, then Citibank could have forgiven $600 of the debt **without being required to file a 1099-C**. This is because only $599 would be principal and the remaining $1 would be interest which is not reportable on a 1099-C. Presumably, the interest on this account is in fact much greater than $1 which would mean that an amount significantly greater than $600 could be forgiven without requiring a 1099-C to be filed.

Defendant argues that the settlement offer in the letter constitutes principal only which is a defense to liability. However, defendant ignores a plethora of allegations in the complaint.

Yours faithfully,

/s/
Adam J. Fishbein

cc:     Christopher B. Hitchcock, Esq.